**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SPEEDY CASH, aka SPEEDY CA$H; AD ASTRA RECOVERY
SERVICES, INC; OSG, LLC; UPS, LLC, UNIFIED PF
GROUP; ASHLEY RYAN, ALLEN KENNEDY and DOES 1 to
250, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CLAUDIA BRAMBILA

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 03 2014

Sherri R. Carter, Executive Officer/Clerk
By Amber Hayes Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>LOS ANGELES SUPERIOR COURT<br>111 North Hill Street<br>Los Angeles, CA 90012 | **CASE NUMBER:** *(Número del Caso):*<br>BC555477 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Richard Scott Lysle   SBN 54022     Law Offices of Richard Scott Lysle
11400 West Olympic Blvd., Suite 200     310-822-6023
Los Angeles, CA 90064

DATE:                                        Clerk, by                                    , Deputy
*(Fecha)*     SHERRI R. CARTER     *(Secretario)*     Amber Hayes     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

SEP 03 2014

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: AD ASTRA RECOVERY SERVICES, INC
   under:  ☒ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*: 9/3/14   1:00 PM

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Martin Dean's
ESSENTIAL FORMS™

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Claudia Brambila

**EXHIBIT A**

5

1  RICHARD SCOTT LYSLE - SBN 54022
   11400 West Olympic Blvd., Suite 200
2  Los Angeles, CA 90064
   (310) 822-6023
3

4  Attorney for Plaintiff
   CLAUDIA BRAMBILA
5

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **IN AND FOR THE COUNTY OF LOS ANGELES**

10

11  CLAUDIA BRAMBILA,                    )   Case No.   B C 5 5 6 4 7 7
                                         )
12        Plaintiff,                     )   UNLIMITED CIVIL JURISDICTION
                                         )
13  vs.                                  )   COMPLAINT FOR:
                                         )
14  SPEEDY CASH, aka SPEEDY CA$H; AD     )   1.   DAMAGES AND PENALTIES
    ASTRA RECOVERY SERVICES, INC.,       )        FOR UNFAIR AND ABUSIVE
15  OSG, LLC; UPS, LLC; UNIFIED PF       )        D E B T   C O L L E C T I O N
    GROUP,  ASHLEY  RYAN,  ALLEN         )        PRACTICES VIOLATING OF 15
16  KENNEDY and DOES 1 to 250, inclusive,)        U.S.C. 1692, et seq.; and Civil
                                         )        Code 1788, et seq.;
17        Defendants.                    )   2.   DAMAGES AND PENALTIES
    _____ )        F O R   V I O L A T I N G   T H E
18                                               TELEPHONE  CONSUMERS
                                                 PROTECTION ACT, 47 USC 227,
19                                               et seq.;
                                             3.  DAMAGES FOR FALSE CREDIT
20                                               REPORTING;
                                             4.  DAMAGES FOR INTENTIONAL
21                                               INFLICTION  OF  EMOTIONAL
                                                 DISTRESS;
22                                           5.  DAMAGES,  PENALTIES  AND
                                                 INJUNCTIVE  RELIEF  FOR
23                                               VIOLATIONS OF Business and
                                                 Professions Code 17200, et seq.
24
                                             DEMAND FOR JURY TRIAL
25

26  COMES NOW plaintiff CLAUDIA BRAMBILA, and alleges:

27                    **JURISDICTION AND VENUE**

28       1.    This is an action for damages and for injunctive relief brought by an individual

---

**COMPLAINT FOR DAMAGES, PENALTIES AND INJUNCTIVE RELIEF**             1

1  who has been, and continues to be, damaged by defendants' multiple violations of the Fair Debt

2  Collection Practices Act, 15 U.S.C. 1692, et seq., violations of the Rosenthal Fair Debt

3  Collection Practices Act, Civil Code section 1788, et seq.; violations of the Telephone

4  Consumers Protection Act, 47 USC 227, et seq.; violations of Business and Professions Code

5  section 17200, et seq., and violations of related statutes and administrative regulations.

6       2.      Jurisdiction arises under 15 USC 1692k, Civil Code section 1788.30(f), and

7  Business and Professions Code section 17204.  Venue in this district is proper because the

8  actions of defendants caused damage within this judicial district and because the actions of

9  defendants caused injury, including but not limited to "actual damages" within the application

10  of 15 U.S.C. 1692k, within this judicial district.

11

12                                   **PARTIES**

13       3.      At all times herein mentioned plaintiff CLAUDIA BRAMBILA was a competent

14  adult individual, a citizen of, and domiciled within, the State of California, and within the

15  jurisdictional area of the above-entitled court.  Plaintiff is a "consumer" within the meaning and

16  application of 15 USC 1692a(3), 12 CFR 226.2(a)(11) and California Civil Code section

17  1788.2.  Plaintiff CLAUDIA BRAMBILA never applied for, nor received, a loan from

18  defendant SPEEDY CASH nor from any of its affiliates.  The Fair Debt Collection Practices

19  Act protects consumers who are falsely accused of owing a consumer debt, as well as

20  consumers who actually engaged in consumer transactions.

21       4.      Plaintiff is informed and believes, and thereon alleges, that defendant SPEEDY

22  CASH, aka SPEEDY CA$H ["SPEEDY CASH"], is a foreign business organization which

23  regularly does business in the State of California.  Defendant SPEEDY CASH engages in the

24  business of short-term and payday lending.  It victimizes low income and unsophisticated

25  consumers by making short-term loans at outrageously high interest rates.  The interest rate

26  charged by defendant SPEEDY CASH on the account which is the subject of this action is

27  more than 400% per annum.  Plaintiff is informed and believes and thereon alleges that on some

28  consumer loans, it charges interest rates as high as 1900% per annum.

---

**COMPLAINT FOR DAMAGES, PENALTIES AND INJUNCTIVE RELIEF**    2

EXHIBIT A

7

5.      Defendant SPEEDY CASH structures its payday loans to be repaid in approximately two weeks, but its borrowers most often roll over, renew or otherwise extend their loans beyond the original repayment term, thereby incurring additional fees and interest. As a regular business practice, defendant SPEEDY CASH and its debt collectors encourage and urge consumers to roll over, renew, refinance or otherwise extend their loans beyond the original repayment date, thereby causing consumers to incur additional fees and interest.  As described by the Consumer Financial Protection Bureau in Administrative Proceeding No. 2014-CFPB 0008, when the consumer exhausts the cash and does not have the ability to repay the loan, the short-term lender contacts the consumer demanding immediate payment and then offering to refinance or extend the loan.  This starts a spiraling cycle of roll over loans.

6.      As a consequence of this spiraling cycle of short-term loans, low income and unsophisticated consumers are doomed to a cycle of endless debt and poverty from which there is no exit.  This business model is extremely profitable to short-terms lenders, as evidenced by the fact that short-term loan storefronts are more numerous in the United States, and in California, that Starbucks stores.  Plaintiff is informed and believes and thereon alleges that its short-term loan business is so profitable that defendant SPEEDY CASH maintains more than 200 storefront offices, mostly in economically depressed neighborhoods, and it spends millions of dollars annual on media advertising directed at low income consumers.

7.      When SPEEDY CASH borrowers default on their loans, they become subject to collection action by in-house and third-party debt collectors.  Plaintiff is informed and believes and thereon alleges that defendant SPEEDY CASH controls, monitors, supervises and assists its third-party debt collectors through vendor contracts and other means, which encourage collectors to get consumers to roll over or renew their loans with new sort-term loans from defendant SPEEDY CASH.

8.      Plaintiff is informed and believes and thereon alleges that as a part of its regular debt collection activities, debt collectors acting on behalf of defendant SPEEDY CASH use aliases and fictitious names to conceal their true identities, all in violation of 15 USC 1692e(14) and other statutes and regulations, which prohibits a debt collector using "any business,

**COMPLAINT FOR DAMAGES, PENALTIES AND INJUNCTIVE RELIEF**                  3

1   company, or organization name other than the true name of the debt collector's business,

2   company, or organization." Although 15 USC 1692d(6) prohibits a debt collector from placing

3   "telephone calls without meaningful disclosure of the caller's identity," defendants disguise

4   their identity and represent or imply that they are court officials, law enforcement officers or

5   "arbitration officers."

6        9.    Plaintiff is further informed and believes and thereon alleges that as a part of its

7   regular business practices, debt collectors acting under the direction of defendant SPEEDY

8   CASH make misrepresentations to alleged debtors, in violation of 15 USC1692e, 1692d and

9   other statutes and regulations.

10        10.    Plaintiff is informed and believes, and thereon alleges, that defendant AD ASTRA

11   RECOVERY SERVICES, INC., ["AD ASTRA"] is a foreign business organization which

12   regularly does business in the State of California.  AD ASTRA is a "debt collector", within the

13   meaning and application of California Civil Code section 1788.2(c) and of 15 U.S.C. 1692a(6).

14        11.    Plaintiff is informed and believes, and thereon alleges, that defendant OSG, LLC,

15   is an entity doing business in the State of California and is a "debt collector" within the

16   meaning and application of 15 USC 1692a(6) and California Civil Code section 1788.2(c).

17   "OSG, LLC" may be an alias, fictitious name or false name used by defendant SPEEDY CASH

18   and its agents and co-conspirators to conceal their true identities.  Plaintiff is informed and

19   believes, and thereon alleges, that if defendant OSG, LCC, is a separate entity, apart from the

20   other defendants herein, one or more of its members is domiciled within California or is a

21   stateless person, or that one or more of its members is an entity whose members includes a

22   California resident or a stateless person.   Plaintiff is further informed and believes and thereon

23   alleges that OSG, LLC has not filed a registration statement with the California Secretary of

24   State, as required by Corporations Code section 17451 and other statutes and regulations.

25        12.    Plaintiff is informed and believes, and thereon alleges, that defendant UPS, LLC,

26   is a business entity doing business in the State of California and is a "debt collector" within the

27   meaning and application of 15 USC 1692a(6) and of California Civil Code section 1788.2(c).

28   "UPS, LLC" may be an alias, fictitious name or false name used by defendant SPEEDY CASH

---

**COMPLAINT FOR DAMAGES, PENALTIES AND INJUNCTIVE RELIEF**   4

1   and its agents and co-conspirators to conceal their true identities.  Plaintiff is informed and

2   believes, and thereon alleges, that if defendant USF, LCC, is a separate entity, apart from the

3   other defendants herein, one or more of its members is domiciled within California or is a

4   stateless person, or that one or more of its members is an entity whose members includes a

5   California resident or a stateless person.   Plaintiff is further informed and believes and thereon

6   alleges that USF, LLC has not filed a registration statement with the California Secretary of

7   State, as required by Corporations Code section 17451 and other statutes and regulations.

8          13.    Plaintiff is informed and believes, and thereon alleges, that defendant UNIFIED

9   PF GROUP, is a business entity doing business in the State of California and is a "debt

10   collector" within the meaning and application of 15 USC 1692a(6) and of California Civil Code

11   section 1788.2(c).

12          14.    Plaintiff is informed and believes that defendant ASHLEY RYAN is a natural

13   person, an alias of a natural person, or a false name used by such person, who, acting as an

14   employee and agent of the each of other defendants herein, engaged in the practice of debt

15   collection.

16          15.    Plaintiff is informed and believes that defendant ALLEN KENNEDY is a natural

17   person, or an alias of a natural person, who, acting as an employee and agent of each of the

18   other defendants herein, engaged in the practice of debt collection.

19          16.    Plaintiff is ignorant of the true names and capacities of the defendants sued herein

20   as DOES 1 through 250, inclusive.  Plaintiff will seek to amend this complaint to allege their

21   true names and capacities after they have been ascertained.

22          17.    Plaintiff is informed and believes and thereon alleges that DOES 1 through 250,

23   and each of them, was acting as the agent and/or employee of each of the remaining defendants,

24   within the course and scope of his/her/its employment and agency, and with the knowledge,

25   permission and consent of each of the other defendants.  Plaintiff is further informed and

26   believes, and thereon alleges that the acts and conduct alleged herein of defendants, and each

27   of them, was known to, authorized by, and ratified by, each of the other defendants herein, and

28   that said acts and conduct were done with the knowledge of and under the supervision of

---

**COMPLAINT FOR DAMAGES, PENALTIES AND INJUNCTIVE RELIEF**                    5

1    officials of the other defendants.

2         18.    Plaintiff is informed and believes that thereon alleges that the business operations

3    and the ownership of defendants SPEEDY CASH, AD ASTRA and DOES 1 to 250, are so

4    closely connected and intertwined that it would be inequitable to treat each as a separate entity.

5    Plaintiff is informed and believes and thereon alleges that the intertwined business operations

6    of said defendants include, but is not limited to, SPEEDY CASH training employees and agents

7    of AD ASTRA and DOES 1 to 250, SPEEDY CASH controlling its collectors through third-

8    party vendor contracts and other means, and SPEEDY CASH directly supervising, monitoring

9    and directing the activities of AD ASTRA and DOES 1 to 250, and each of them.  Plaintiff is

10   informed and believes, and thereon alleges, that said defendants trade and loan employees

11   between themselves in such a manner as to obscure any separateness in their business

12   operations.   Plaintiff is further informed and believes and thereon alleges that defendant

13   SPEEDY CASH reviews scripts and training materials used by each of the other defendants in

14   connection with their debt collection activities.  Plaintiff is further informed and believes, and

15   thereon alleges, that said defendants share the use of the same telephone numbers in their

16   business activities.

17        19.    Plaintiff is further informed and believes, and thereon alleges, that the financial

18   affairs of defendants, and each of them, are so intermingled that transfers of ownership of

19   collection accounts may be transferred without proper and contemporaneous transfer of

20   ownership documentation.

21        20.    Plaintiff is further informed and believes and thereon alleges that as part of their

22   debt collection activities, defendants, and each of them, attempt to cause alleged debtors to take

23   out new, short-term loans from defendant SPEEDY CASH and its related entities, as a means

24   of debt collection.

25        21.    Plaintiff is informed and believes, and thereon alleges, that defendant SPEEDY

26   CASH, and the other defendants herein, operate storefront locations within the State of

27   California, using legal entities, including but not limited to DOES 101 to 250 inclusive, which

28   are under the control of, and operate under the direction of, defendant SPEEDY CASH and

---

**COMPLAINT FOR DAMAGES, PENALTIES AND INJUNCTIVE RELIEF**          6

1  other defendants herein, as part of a common scheme and business operation.

2      22.     Plaintiff is informed and believes, and thereon alleges, that defendants, and each

3  of them, knowingly formed, engaged in, and participated in a common plan, scheme and

4  conspiracy to wrongfully harass, abuse and annoy plaintiff herein, and to engage in collection

5  practices prohibited by 15 U.S.C. 1692, et seq., and by California Civil Code 1788, et seq., in

6  order to cause plaintiff to pay money to defendants, and each of them.  In addition, plaintiff

7  further alleges that each defendant was a participant as an aider and abettor in the wrongful

8  acts, plans and schemes to improper extract money from plaintiff herein.

9      23.     Overt acts committed by defendants in furtherance of their common plan and

10  scheme and as part of continuing course of conduct, include, without limitation, harassing

11  consumers, threatening consumers with arrest and criminal prosecution in order to extract

12  money from consumers or to cause consumers to roll over their short-terms loans, using scripts

13  and automatic telephone dialing systems and/or artificial and pre-recorded messages, and

14  instructing their employees to engage in prohibited collection activities and to make false and

15  deceptive statements to consumers, and engaging in other conduct prohibited by law.

16      24.     As a result of said civil conspiracy, plaintiff was damages as hereinafter alleged.

17  In addition to compensatory damages, as herein alleged, plaintiff is entitled to recover statutory

18  penalties as provided in 15 U.S.C. 1692k, California Civil Code section 1788.30 and to other

19  applicable statutes and regulations, and to treble damages pursuant to 18 U.S.C. 1964.

20

21      **FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

22      25.     The account which is the subject of this action is a "consumer debt" within the

23  meaning and application of 15 U.S.C. 1692a(3) and (5), and of California Civil Code section

24  1788.2(f).

25      26.     The Fair Debt Collection Practices Act (15 USC 1692, et seq.) and the Rosenthal

26  Fair Debt Collection Practices Act (Civil Code 1788, et seq.), are to interpreted and applied

27  herein using the "least sophisticated consumer" standard.

28      27.     Plaintiff CLAUDIA BRAMBILA did not ever apply for, nor receive, any loan or

---

**COMPLAINT FOR DAMAGES, PENALTIES AND INJUNCTIVE RELIEF**                    7

money from, nor engage in any other credit transaction with, defendant SPEEDY CASH or other defendant herein.

28.    Plaintiff herein, and other alleged debtors are "unsophisticated consumers" within the meaning and application of 15 USC 1692, et seq. and other statutes and regulations.

29.    As hereinafter alleged, defendants, and each of them, have engaged in a campaign to harass plaintiff, to threaten plaintiff with arrest and criminal prosecution and to damage plaintiff's credit, all as part of a common plan and scheme to wrongfully extract money from plaintiff.

30.    As hereinafter alleged, defendants herein, acting in concert with each other, falsely threaten alleged debtors with litigation and criminal prosecution, including references to, or alluding to, "prosecution", "charges", "criminal complaint", attorneys, "summons", law enforcement officers and agencies, legal departments, courts, filings, "formal charges", and court appearance dates.  These debtors may have reasonably believed that they were likely to be sued or be the subject of criminal prosecution, arrest and incarceration.

31.    Within the past year, as a part of its regular business practices, defendants, and each of them, by a person identifying herself as "Ashley Ryan," used an automatic telephone dialing system (as defined in 47 USC 227, et seq.), to communicate the following pre-recorded and scripted message:

"Good Afternoon.  This message is solely intended to contact Claudia Brambila. My name is Ashley Ryan, licensed arbitration officer, contacting you at the request of Los Angeles County on behalf of the Claims Department of Unified P F Group.  Claudia Brambila, I am calling to inform you that you are currently named as the sole defendant and responsible party on a civil summons and criminal complaint.   A motion is being prepared against your name and tax identification number ending in [number redacted].  Now due to the affirmative proof that has been provided by the petitioning party it is required that a state regulated recommendation is made within a time frame from of forty-eight hours on whether or not to proceed legally against you.  If you are at all interested in

1    avoiding an appearance date as well as possible prosecution on your behalf, I
2    strongly suggest that either yourself or your retained attorney contact my claims
3    forwarding office immediately.  I will discuss in detail the pre-filed charges as
4    well as allow you to release a formal statement prior to this recommendation
5    being made to process a case in current jurisdiction.  I can be reached until eight
6    PM eastern at 716-242-2488.  Claudia Brambila, you are listed on case file
7    docket UF 124 dash 8841.  Again Case File No. UF 1248841.  Claudia Brambila,
8    you have been notified.  Good Luck."

9    During the past year defendants, and each of them, have harassed plaintiff with numerous other
10   telephone calls, and threatened to visit plaintiff at her residence, all as part of a business plan
11   designed to extract money from plaintiff.  Said message, and other communications from
12   defendants, have caused plaintiff to suffer extreme worry, aggravation, emotional distress and
13   mental distress.

14

15           **FIRST CAUSE OF ACTION FOR DAMAGES AND PENALTIES**
16                   **FOR VIOLATION OF 15 USC 1692e**
17                         Against all defendants
18   32.    Plaintiff refers to each of the foregoing paragraphs, and she incorporates and re-
19   alleges all previously facts and matters as if set forth in full herein.
20   33.    15 U.S.C. 1692e(4) prohibits any debt collector from use any false, deceptive, or
21   misleading representation or means in connection with the collection of any debt.  Without
22   limitation, the following practices are prohibited:
23           "(1) The false representation or implication that the debt collector is
24   vouched for, bonded by, or affiliated with . . . any State, . . .
25           "(2) The false representation of—
26           "(A) the character, amount, or legal status of any debt; or . . .
27           "(4) The representation or implication that nonpayment of any debt will
28   result in the arrest or imprisonment of any person or the seizure, garnishment,

---

**COMPLAINT FOR DAMAGES, PENALTIES AND INJUNCTIVE RELIEF**        9

attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

"(5) The threat to take any action that cannot legally be taken or that is not intended to be taken."

"(7) The false representation or implication that the consumer committed any crime or other conduct . . .

"(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, . . .

"(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

"(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization."

34.    Commencing on about April 14, 2014, and continuing to the present time, defendants, and each of them, violated 15 U.S.C. 1692e by engaging in a campaign and course of conduct designed to harass, annoy and abuse plaintiff, for the purposes of extracting money from the plaintiff.

35.    Plaintiff is informed and believes and thereon alleges that the making of this threat was a part of defendants' regular business practices, that the caller was an employee and agent of defendants and that the caller was reading a script and following instructions of each of the other defendants herein.

36.    As a result of the heretofore described violations of 15 U.S.C. 1692e, plaintiff sustained actual damages, including mental and emotional distress, anguish, worry, anxiety, pain and aggravation, in an amount in excess of the minimum jurisdictional limit for unlimited jurisdiction cases in the above-entitled court.  Said distress and suffering was manifested by symptoms of physical injury.

37.    The above-described conduct on the part of defendants, and each of them, constitute regular business practices of said defendants. Unless enjoined, defendants SPEEDY CASH, AD ASTRA and DOES 1 to 250, and each of them, are likely to continue to improperly

---

**COMPLAINT FOR DAMAGES, PENALTIES AND INJUNCTIVE RELIEF**          10

1    threaten alleged debtors with arrest and criminal prosecution, thereby damaging and injuring

2    California consumers and other residents of the State of California.

3        38.    Plaintiff herein is entitled to recover from defendants, and each of them, the

4    statutory penalties provided in 15 U.S.C. 1692k for each separate act in violation of 15 U.S.C.

5    1692e.

6        39.    Plaintiff reasonably employed legal counsel in connection with the within action.

7    Pursuant to 15 U.S.C. 1692k, plaintiff herein is entitled to recover reasonable attorney's fees

8    and other litigation expenses incurred herein, in an amount to be shown according to proof.

9

10   ### SECOND CAUSE OF ACTION FOR DAMAGES AND PENALTIES

11   ### FOR VIOLATION OF Civil Code 1788.15(b) and 1788.17

12   Against all defendants

13       40.    Plaintiff refers to each of the foregoing paragraphs, and she incorporates and re-

14   alleges all previously facts and matters as if set forth in full herein.

15       41.    California Civil Code 1788.10(b), (e) and (f) prohibit a debt collector from

16   making a false threat, or implying, that the failure to pay will result in the accusation that the

17   alleged debtor has committed a crime, a false threat that the debtor will be sued or be subject

18   to a civil lawsuit and collection actions, or to arrest.

19       42.    As heretofore alleged, defendants, and each of them, violated Civil Code section

20   1788.10 by falsely threatening plaintiff with arrest, criminal prosecution and civil litigation,

21   without having the ability and intention to do so.

22       43.    Said conduct was also a violation of California Civil Code section 1788.17.

23       44.    As a result of the heretofore described violations of Sections 1788.10 and

24   1788.17, plaintiff sustained damages for mental and emotional distress, anguish, worry, anxiety,

25   pain and aggravation, and plaintiff herein is entitled to recover damages pursuant to 15 U.S.C.

26   1692k, in an amount in excess of the minimum jurisdictional limit for unlimited jurisdiction

27   cases in the above-entitled court.

28       45.    Plaintiff herein is entitled to recover from defendants, and each of them, the

**COMPLAINT FOR DAMAGES, PENALTIES AND INJUNCTIVE RELIEF**    11

1  statutory penalties provided in Civil Code section 1788.30(b) for each separate act in violation
2  of Section 1788.17.

3      46.    Plaintiff reasonably employed legal counsel in connection with the within action.
4  Pursuant to Civil Code section 1788.30(c), plaintiff is entitled to recover reasonable attorney's
5  fees and other litigation expenses incurred herein in an amount to be shown according to proof.

6

7  **THIRD CAUSE OF ACTION FOR DAMAGES AND PENALTIES**
8  **FOR VIOLATION OF 15 USC 1692c(a)(2)**
9  **Communicating directly with a consumer represented by legal counsel**
10  Against all defendants

11      47.    Plaintiff refers to each of the foregoing paragraphs, and she incorporates and re-
12  alleges all previously facts and matters as if set forth in full herein.

13      48.    15 U.S.C. 1692c(a)(2) prohibits any debt collector from communicating directly
14  with any consumer who is represented by legal counsel.

15      49.    On May 23, 2014, plaintiff, by her attorney, notified defendants, in writing, that
16  she was represented by legal counsel, and she requested that all communications be directed
17  to her attorney.

18      50.    In spite of said notification and request, defendants have continued to place
19  numerous telephone calls to plaintiff, to harass plaintiff and threaten.

20      51.    Plaintiff is informed and believes and thereon alleges that the making of this
21  collection activity was a part of defendants' regular business practice.

22      52.    The above-described conduct on the part of defendants, and each of them,
23  constitute regular business practices and business operations of said defendants.  Unless
24  enjoined, defendants SPEEDY CASH, AD ASTRA and DOES 1 to 250, and each of them, are
25  likely to continue to improperly threaten alleged debtors with arrest and criminal prosecution,
26  thereby damaging and injuring California consumers and other residents of the State of
27  California.

28      53.    As a result of the heretofore described violations of 15 U.S.C. 1692e, plaintiff

**COMPLAINT FOR DAMAGES, PENALTIES AND INJUNCTIVE RELIEF**    12

EXHIBIT A
17

1  sustained actual damages, including mental and emotional distress, anguish, worry, anxiety,
2  pain and aggravation, in an amount in excess of the minimum jurisdictional limit for unlimited
3  jurisdiction cases in the above-entitled court.  Said distress and suffering was manifested by
4  symptoms of physical injury.

5      54.    Plaintiff herein is entitled to recover from defendants, and each of them, the
6  statutory penalties provided in 15 U.S.C. 1692k for each separate act in violation of Section
7  1692, et seq.

8      55.    Plaintiff reasonably employed legal counsel in connection with the within action.
9  Pursuant to 15 U.S.C. 1692k, plaintiff herein is entitled to recover reasonable attorney's fees
10 and other litigation expenses incurred herein, in an amount to be shown according to proof.

11

12              **FOURTH CAUSE OF ACTION FOR DAMAGES AND PENALTIES**
13              **FOR VIOLATION OF Civil Code 1788.14(c) and 1788.17**
14                           Against all defendants

15     56.    Plaintiff refers to each of the foregoing paragraphs, and she incorporates and re-
16 alleges all previously facts and matters as if set forth in full herein.

17     57.    California Civil Code 1788.14(c) prohibits any debt collector from attempting to
18 communicate with a debtor after being notified, in writing, that the consumer is represented by
19 counsel.

20     58.    As heretofore alleged, defendants, and each of them, violated Civil Code section
21 1788.14(c) by refusing to respond to communications from plaintiff's counsel, by continuing
22 to communicate directly with plaintiff and by continuing to harass plaintiff.

23     59.    Said conduct was also a violation of California Civil Code section 1788.17.

24     60.    As a result of the heretofore described violations of Sections 1788.10 and
25 1788.17, plaintiff sustained damages for mental and emotional distress, anguish, worry, anxiety,
26 pain and aggravation, and plaintiff herein is entitled to recover damages pursuant to 15 U.S.C.
27 1692k, in an amount in excess of the minimum jurisdictional limit for unlimited jurisdiction
28 cases in the above-entitled court.

---

**COMPLAINT FOR DAMAGES, PENALTIES AND INJUNCTIVE RELIEF** · 13·

61.   Plaintiff herein is entitled to recover from defendants, and each of them, the statutory penalties provided in Civil Code section 1788.30(b) for each separate act in violation of said statute.

62.   Plaintiff reasonably employed legal counsel in connection with the within action. Pursuant to Civil Code section 1788.30(c), plaintiff is entitled to recover reasonable attorney's fees and other litigation expenses incurred herein in an amount to be shown according to proof.

## FIFTH CAUSE OF ACTION FOR DAMAGES AND PENALTIES FOR
## VIOLATION OF 15 USC 1692g - Failure to Validate but
## continuing to engage in collection activities

Against all defendants

63.   Plaintiff refers to each of the foregoing paragraphs, and she incorporates and re-alleges all previously facts and matters as if set forth in full herein.

64.   15 USC 1692g provides that when a consumer requests validation of a debt, the debt collector is required to cease all collection activity until it provides the required validation. On about May 23, 2014, plaintiff herein notified defendants and each of them that she disputed her liability in connection with the alleged debt, and she communicated to said defendants a request for debt validation, all pursuant to 15 U.S.C. 1692g.

65.   Defendants, and each of them, violated 15 U.S.C. 1692g by:

a)   Failing to provide proper validation, as required by Section 1692g.

b)   Continuing collection activity without providing proper debt verification by placing numerous separate telephone calls directly to plaintiff, all in attempts to extract money from the plaintiff.

66.   Plaintiff is informed and believes and thereon alleges that the making of this collection activity was a part of defendants' regular business practice.

67.   As a result of the heretofore described violations of 15 U.S.C. 1692g, plaintiff sustained actual damages, including mental and emotional distress, anguish, worry, anxiety, pain and aggravation, in an amount in excess of the minimum jurisdictional limit for unlimited

1   jurisdiction cases in the above-entitled court.  Said distress and suffering was manifested by

2   symptoms of physical injury.

3       68.    Plaintiff herein is entitled to recover from defendants, and each of them, the

4   statutory penalties provided in 15 U.S.C. 1692k, for each separate act in violation of said

5   statutes..

6       69.    Plaintiff reasonably employed legal counsel in connection with the within action.

7   Pursuant to 15 U.S.C. 1692k, plaintiff herein is entitled to recover reasonable attorney's fees

8   and other litigation expenses incurred herein, in an amount to be shown according to proof.

9

10   **SIXTH CAUSE OF ACTION FOR DAMAGES AND PENALTIES**

11   **FOR VIOLATION OF Civil Code 1788.17 - Failure to Validate**

12   Against all defendants

13       70.    Plaintiff refers to each of the foregoing paragraphs, and she incorporates and re-

14   alleges all previously facts and matters as if set forth in full herein.

15       71.    The alleged conduct of defendants constituting violations of 15 USC 1692g also

16   constitute violations of California Civil Code section 1788.17.

17       72.    As a result of the heretofore described violations of Section 1788.17, plaintiff

18   sustained damages for mental and emotional distress, anguish, worry, anxiety, pain and

19   aggravation, and plaintiff herein is entitled to recover damages pursuant to 15 U.S.C. 1692k,

20   and the statutory penalties provided in Civil Code section 1788.30(b), for each separate act in

21   violation of said statutes.

22       73.    Plaintiff reasonably employed legal counsel in connection with the within action.

23   Pursuant to Civil Code section 1788.30(c), plaintiff is entitled to recover reasonable attorney's

24   fees and other litigation expenses incurred herein in an amount to be shown according to proof.

25

26   **SEVENTH CAUSE OF ACTION FOR DAMAGES AND PENALTIES FOR**

27   **VIOLATION OF 15 USC 1692c(a)(2) - Continuing to Send Collection**

28   **Communications to Consumer After Notice to Cease**

---

**COMPLAINT FOR DAMAGES, PENALTIES AND INJUNCTIVE RELIEF**    15

EXHIBIT A
20

Against all defendants

74.    Plaintiff refers to each of the foregoing paragraphs, and she incorporates and re-alleges all previously facts and matters as if set forth in full herein.

75.    15 U.S.C. 1692c(c) prohibits any debt collector from communicating with a consumer after being requested to cease such communications.

76.    On May 23, 2014, plaintiff requested, in writing, that defendants cease attempting to send any written or telephonic communication directly to her.  In spite of said notification and request, defendants have continued to telephone plaintiff and to harass plaintiff.  Plaintiff is informed and believes and thereon alleges that the making of this collection activity was a part of defendants' regular business practice.

77.    As a result of the heretofore described violations of 15 U.S.C. 1692c, plaintiff sustained actual damages, including mental and emotional distress, anguish, worry, anxiety, pain and aggravation, in an amount in excess of the minimum jurisdictional limit for unlimited jurisdiction cases in the above-entitled court.

78.    Plaintiff herein is entitled to recover from defendants, and each of them, the statutory penalties provided in 15 U.S.C. 1692k, for each separate act in violation of said statutes.

79.    Plaintiff reasonably employed legal counsel in connection with the within action. Pursuant to 15 U.S.C. 1692k, plaintiff herein is entitled to recover reasonable attorney's fees and other litigation expenses incurred herein, in an amount to be shown according to proof.

## EIGHTH CAUSE OF ACTION FOR DAMAGES AND PENALTIES
## FOR VIOLATION OF Civil Code 1788.17 - Continuing to Send Collection
## Communications to Consumer After Notice to Cease

Against all defendants

80.    Plaintiff refers to each of the foregoing paragraphs, and she incorporates and re-alleges all previously facts and matters as if set forth in full herein.

81.    The alleged conduct of defendants constituting violations of 15 USC 1692c also

---

**COMPLAINT FOR DAMAGES, PENALTIES AND INJUNCTIVE RELIEF**          16

1    constitute violations of California Civil Code section 1788.17.

2         82.   As a result of the heretofore described violations of 1788.17, plaintiff sustained

3    damages for mental and emotional distress, anguish, worry, anxiety, pain and aggravation, and

4    plaintiff herein is entitled to recover damages pursuant to 15 U.S.C. 1692k, and, in addition,

5    the statutory penalties provided in Civil Code section 1788.30(b), for each separate act in

6    violation of said statutes.

7         83.   Plaintiff employed legal counsel in connection with the within action.  Pursuant

8    to Civil Code section 1788.30(c), plaintiff is entitled to recover reasonable attorney's fees and

9    other litigation expenses incurred herein in an amount to be shown according to proof.

10

11         **NINTH CAUSE OF ACTION FOR DAMAGES AND PENALTIES FOR**

12         **VIOLATION OF 15 USC 1692d - Harassment**

13                   Against all defendants

14         84.   Plaintiff refers to each of the foregoing paragraphs, and she incorporates and re-

15    alleges all previously facts and matters as if set forth in full herein.

16         85.   15 U.S.C. 1692d prohibits any debt collector from engaging in any conduct the

17    natural consequence of which is to harass, oppress and abuse a consumer in connection with

18    an attempt to collect an alleged debt.

19         86.   Since about April 14, 2014, and continuing to the present time, defendants, and

20    each of the, have engaged in a course of conduct to harass, annoy, threaten and abuse plaintiff,

21    in attempts to collect an alleged debt.  This course of conduct includes, but is not limited to,

22    threatening plaintiff with arrest and criminal prosecution, threatening to institute civil litigation

23    without having the intent or the ability to do so, threatening to personally visit plaintiff at her

24    home, communicating with the plaintiff after being notified, in writing, that plaintiff was

25    represented by legal counsel, placing telephone calls to plaintiff's cel phone without

26    authorization, and placing calls to plaintiff with excessive frequency.

27         87.   Plaintiff is informed and believes and thereon alleges that this collection activity

28    was a part of defendants' regular business practice.

---

**COMPLAINT FOR DAMAGES, PENALTIES AND INJUNCTIVE RELIEF** 17

88.    As a result of the heretofore described violations of <u>15 U.S.C. 1692d</u>, plaintiff sustained actual damages, including mental and emotional distress, anguish, worry, anxiety, pain and aggravation, in an amount in excess of the minimum jurisdictional limit for unlimited jurisdiction cases in the above-entitled court.

89.    Plaintiff herein is entitled to recover from defendants, and each of them, the statutory penalties provided in <u>15 U.S.C. 1692k</u>, for each separate act in violation of said statutes.

90.    Plaintiff employed legal counsel in connection with the within action.  Pursuant to <u>15 U.S.C. 1692k</u>, plaintiff herein is entitled to recover reasonable attorney's fees and other litigation expenses incurred herein, in an amount to be shown according to proof.

## <u>TENTH CAUSE OF ACTION FOR DAMAGES AND PENALTIES</u>
## <u>FOR VIOLATIONS OF Civil Code 1788.10(e) and (f), 1788.11, and 1788.17</u>
### <u>Harassment and Unlawful Threats</u>
Against all defendants

91.    Plaintiff refers to each of the foregoing paragraphs, and she incorporates and re-alleges all previously facts and matters as if set forth in full herein.

92.    California <u>Civil Code 1788.10(e)</u> prohibits any debt collector from threatening any alleged consumer debtor with arrest or criminal prosecution.  <u>Civil Code Section 1788.10(f)</u> prohibits a debt collector with making any unlawful or prohibited threats in connection with the attempt to collect a consumer debt.

93.    California <u>Civil Code 1788.11</u> prohibits any debt collector from calling any debtor with unreasonable frequency in attempting to collect a debt.

94.    Said conduct was also in violation of California <u>Civil Code section 1788.17</u>.

95.    As a result of the heretofore described violations of <u>Sections 1788.10</u>, <u>1788.11</u> and <u>1788.17</u>, plaintiff sustained damages for mental and emotional distress, anguish, worry, anxiety, pain and aggravation, and plaintiff herein is entitled to recover damages pursuant to <u>15 U.S.C. 1692k</u>, in an amount in excess of the minimum jurisdictional limit for unlimited

---

**COMPLAINT FOR DAMAGES, PENALTIES AND INJUNCTIVE RELIEF**       18

jurisdiction cases in the above-entitled court.

96.   Plaintiff herein is entitled to recover from defendants, and each of them, the statutory penalties provided in Civil Code section 1788.30(b) for each separate act in violation of said statutes.

97.   Plaintiff employed legal counsel in connection with the within action.  Pursuant to Civil Code section 1788.30(c), plaintiff is entitled to recover reasonable attorney's fees and other litigation expenses incurred herein in an amount to be shown according to proof.

## ELEVENTH CAUSE OF ACTION FOR DAMAGES AND PENALTIES FOR VIOLATION OF 15 USC 1692e(8) - False Credit Reporting

### Against all defendants

98.   Plaintiff refers to each of the foregoing paragraphs, and she incorporates and re-alleges all previously facts and matters as if set forth in full herein.

99.   15 U.S.C. 1692e prohibits any debt collector from making any false, deceptive or misleading representation in connection with the attempt to collect a debt.  15 U.S.C. 1692e(8) prohibits a debt collector from "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

100.   Defendants, and each of them, have reported false and inaccurate credit information about plaintiff to consumer credit reporting agencies, as a part of their course of conduct to extract money from plaintiff.  These false and deceptive misrepresentations include failing to also report that plaintiff disputed her liability for the alleged debt.

101.   Plaintiff is informed and believes and thereon alleges that this collection activity was a part of defendants' regular business practice.

102.   As a result of the heretofore described violations of 15 U.S.C. 1692e, plaintiff sustained actual damages, including mental and emotional distress, anguish, worry, anxiety, pain and aggravation, in an amount in excess of the minimum jurisdictional limit for unlimited jurisdiction cases in the above-entitled court.

---

**COMPLAINT FOR DAMAGES, PENALTIES AND INJUNCTIVE RELIEF**          19

103.   As a direct result of said reporting of inaccurate and negative credit information and the resulting damage to her credit rating, plaintiff suffered loss of credit, the loss of the ability to purchase and the loss of the ability to benefit from credit.   In addition, plaintiff suffered mental and emotional pain, anguish, humiliation, embarrassment and serious damage to her credit rating, according to proof but in an amount exceeding the threshold jurisdiction for classification as an unlimited civil action.

104.   Plaintiff herein is entitled to recover from defendants, and each of them, the statutory penalties provided in 15 U.S.C. 1692k for each separate act in violation of said statutes..

105.   Plaintiff reasonably employed legal counsel in connection with the within action. Pursuant to 15 U.S.C. 1692k, plaintiff herein is entitled to recover reasonable attorney's fees and other litigation expenses incurred herein, in an amount to be shown according to proof.

### TWELFTH CAUSE OF ACTION FOR DAMAGES AND PENALTIES
### FOR VIOLATIONS OF Civil Code 1785.25, 1788.13(f) and 1788.17
### False Credit Reporting
Against all defendants

106.   Plaintiff refers to each of the foregoing paragraphs, and she incorporates and re-alleges all previously facts and matters as if set forth in full herein.

107.   California Civil Code 1788.13(f) prohibits any debt collector from falsely reporting any information to a consumer credit reporting agency.

108.   The alleged conduct of defendants constituting violations of 15 USC 1692e also constitute violations of California Civil Code section 1788.17.

109.   Defendants, and each of them, reported negative credit information about plaintiff to consumer credit reporting agencies without also reporting that plaintiff disputed her liability thereon.

110.   As a result of the heretofore described conduct, plaintiff sustained damages for mental and emotional distress, anguish, worry, anxiety, pain and aggravation.   In addition,

---

**COMPLAINT FOR DAMAGES, PENALTIES AND INJUNCTIVE RELIEF** ·20

1  plaintiff is entitled to recover damages for damage to her credit rating in an amount to be shown

2  according to proof at trial, punitive damages, statutory penalties, and attorney's fees, pursuant

3  to 15 U.S.C. 1692k, Civil Code section 1788.30, Civil Code section 1785.31 and Code of Civil

4  Procedure section 1021.5, in an amount in excess of the minimum jurisdictional limit for

5  unlimited jurisdiction cases in the above-entitled court. Plaintiff herein is entitled to recover

6  from defendants, and each of them, the statutory penalties provided in Civil Code section

7  1788.30(b).

8      111.   As a direct result of said reporting of inaccurate and negative credit information

9  and the resulting damage to her credit rating, plaintiff suffered loss of credit, the loss of the

10 ability to purchase and the loss of the ability to benefit from credit.  In addition, plaintiff

11 suffered mental and emotional pain, anguish, humiliation, embarrassment and serious damage

12 to her credit rating.  Plaintiff is entitled to recover damages pursuant to Civil Code section

13 1785.31, according to proof but in an amount exceeding the threshold jurisdiction for

14 classification as an unlimited civil action.

15     112.   Plaintiff reasonably employed legal counsel in connection with the within action.

16 Pursuant to Civil Code section 1788.30(c) and 1785.1, et seq., plaintiff is entitled to recover

17 reasonable attorney's fees and other litigation expenses incurred herein in an amount to be

18 shown according to proof.

19

20 **THIRTEENTH CAUSE OF ACTION FOR DAMAGES AND PENALTIES FOR**

21 **VIOLATION 47 USC 227, et seq., - Telephone Consumers Protection Act**

22                        Against all defendants

23     113.   Plaintiff refers to each of the foregoing paragraphs, and she incorporates and re-

24 alleges all previously facts and matters as if set forth in full herein.

25     114.   None of the defendants herein ever had any "established business relationship"

26 with plaintiff herein, within the meaning and application of 47 U.S.C. 227, et seq.

27     115.   Since about April 14, 2014, and continuing to the present time, defendants, and

28 each of them, have placed numerous calls to plaintiff's cellular telephone, without the

---

**COMPLAINT FOR DAMAGES, PENALTIES AND INJUNCTIVE RELIEF       21**

1  permission or consent of plaintiff.

2      116.    Plaintiff is informed and believes, and thereon alleges, that in placing the

3  heretofore mentioned telephone calls to plaintiff's cellular telephone, defendants, and each of

4  them, used an automatic telephone dialing system.

5      117.    As a result of said conduct, plaintiff sustained damage for unwanted telephone

6  charges, use of cellular minutes, harassment and annoyance, to her actual damage in an amount

7  to be shown according to proof at trial.

8      118.    In addition, plaintiff is entitled to recover a statutory penalty in the amount of

9  $500.00 for each unwanted telephone call placed by defendants, in a total amount which will

10  be shown according to proof at trial.

11      119.    Defendants' continuing to place said telephone calls, after plaintiff requested

12  defendants to cease, constitutes willful conduct entitling plaintiff to treble damages, in an

13  amount to be shown according to proof at trial.

14      120.    Plaintiff reasonably employed legal counsel in connection with the within action.

15  Plaintiff is entitled to recover reasonable attorney's fees and other litigation expenses incurred

16  herein in an amount to be shown according to proof.

17

18      **FOURTEENTH CAUSE OF ACTION FOR DAMAGES, PENALTIES**

19      **VIOLATION OF15 USC 1692d(6) and 1692e(14) - Using False Names**

20                          Against all defendants

21      121.    Plaintiff refers to each of the foregoing paragraphs, and she incorporates and re-

22  alleges all previously facts and matters as if set forth in full herein.

23      122.    15 USC 1692d(6) prohibits: "[T]he placement of telephone calls without

24                  meaningful disclosure of the caller's identity."

25  15 U.S.C. 1692e(14) prohibits:

26          "(14) The use of any business, company, or organization name other than

27      the true name of the debt collector's business, company, or organization."

28      123.    Defendants herein, as a part of their regular business practices, use false and

___

**COMPLAINT FOR DAMAGES, PENALTIES AND INJUNCTIVE RELIEF**    22

1 | fictitious names of persons and business entities, or imply that they are affiliated with a
2 | governmental or law enforcement agency when contacting consumers in attempting to extract
3 | money from consumers or to cause consumers to roll over short-term loans made by defendants.

4 |    124. As a further method of disguising their identity, defendants, and each of them,
5 | use local telephone numbers when calling consumers, although defendants are calling from
6 | outside of the local area, all in an attempt to cause consumers who have Caller ID service to
7 | believe that their incoming call is from a local person or business.

8 |    125. Plaintiff is further informed and believes, and thereon alleges, that defendants,
9 | and each of them, used false and fictitious names when communicating with plaintiff herein,
10 | including "OSG, LLC", "UPS, LLC", "Unified PF", "Ashley Ryan" and "Allen Kennedy."

11 |    126. As a result of the heretofore described violations of 15 U.S.C. 1692d and 1692e,
12 | plaintiff sustained actual damages, including mental and emotional distress, anguish, worry,
13 | anxiety, pain and aggravation, in an amount in excess of the minimum jurisdictional limit for
14 | unlimited jurisdiction cases in the above-entitled court.  Said distress and suffering was
15 | manifested by symptoms of physical injury.

16 |    127. Plaintiff herein is entitled to recover from defendants, and each of them, the
17 | statutory penalties provided in 15 U.S.C. 1692k, for each separate act in violation of said
18 | statutes.

19 |    128. Plaintiff employed legal counsel herein.  Pursuant to 15 U.S.C. 1692k, plaintiff
20 | herein is entitled to recover attorney's fees and other litigation expenses incurred herein, in an
21 | amount to be shown according to proof.

22 |
23 | **FIFTEENTH CAUSE OF ACTION FOR DAMAGES AND PENALTIES**
24 | **FOR VIOLATIONS OF Civil Code 1788.11(b) and 1788.17**
25 | **Placing Telephone Calls without Truthfully Identifying the Identity of the Caller**
26 | Against all defendants
27 |    129. Plaintiff refers to each of the foregoing paragraphs, and she incorporates and re-
28 | alleges all previously facts and matters as if set forth in full herein.

---

**COMPLAINT FOR DAMAGES, PENALTIES AND INJUNCTIVE RELIEF**   23

130.   Civil Code section 1788.11(b) provides:

"No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:

(b) Placing telephone calls without disclosure of the caller's identity, provided that an employee of a licensed collection agency may identify himself by using his registered alias name as long as he correctly identifies the agency he represents, . . .

131.   Defendants, and each of them, have used false business names, including "OSG, LLC", "UPS, LLC" and Unified PF" when communicating with plaintiff herein, and their employees have used the names of "Ashley Ryan" and "Allen Kennedy" when communicating with plaintiff herein.  Plaintiff is informed and believes that each of said names is a false name, and none of those names is the true name of the business entity or person making said communication.

132.   The alleged conduct of defendants constituting violations of 15 USC 1692d and 1692e also constitute violations of California Civil Code section 1788.17.

133.   As a result of the heretofore described violations of Civil Code 1788.11 and 1788.17, plaintiff sustained damages for mental and emotional distress, anguish, worry, anxiety, pain and aggravation, and plaintiff herein is entitled to recover damages pursuant to 15 U.S.C. 1692k, and, in addition, the statutory penalties provided in Civil Code section 1788.30(b).

134.   Plaintiff employed legal counsel in connection with the within action.  Pursuant to Civil Code section 1788.30(c), plaintiff is entitled to recover reasonable attorney's fees and other litigation expenses incurred herein in an amount to be shown according to proof.

## SIXTEENTH CAUSE OF ACTION FOR DAMAGES, PENALTIES

## VIOLATION OF 15 USC 1692f(1) - Attempting to collect an amount not owing.

### Against all defendants

135.   Plaintiff refers to each of the foregoing paragraphs, and she incorporates and re-alleges all previously facts and matters as if set forth in full herein.

---

**COMPLAINT FOR DAMAGES, PENALTIES AND INJUNCTIVE RELIEF          24**

136.   15 USC 1692f(1) provides that:

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

"(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

137.   Defendants herein, as a part of their regular business practices, have and are attempting to collect from plaintiff an amount that is now owing.

138.   As a result of the heretofore described violations of 15 U.S.C. 1692f(1) plaintiff sustained actual damages, including mental and emotional distress, anguish, worry, anxiety, pain and aggravation, in an amount in excess of the minimum jurisdictional limit for unlimited jurisdiction cases in the above-entitled court.

139.   Plaintiff herein is entitled to recover from defendants, and each of them, the statutory penalties provided in 15 U.S.C. 1692k, for each separate act in violation of said statutes.

140.   Plaintiff reasonably employed legal counsel in connection with the within action. Pursuant to 15 U.S.C. 1692k, plaintiff herein is entitled to recover reasonable attorney's fees and other litigation expenses incurred herein, in an amount to be shown according to proof.

**SEVENTEENTH CAUSE OF ACTION FOR DAMAGES AND PENALTIES**
**FOR VIOLATIONS OF Civil Code 1788.11(b) and 1788.17**
**VIOLATION OF 15 USC 1692f(1) - Attempting to collect an amount not owing.**
Against all defendants

141.   Plaintiff refers to each of the foregoing paragraphs, and she incorporates and re-alleges all previously facts and matters as if set forth in full herein.

142.   The alleged conduct of defendants constituting violations of 15 USC 1692f(1) and 1692e also constitute violations of California Civil Code section 1788.17.

---

**COMPLAINT FOR DAMAGES, PENALTIES AND INJUNCTIVE RELIEF**     25

143.   As a result of the heretofore described violations of Civil Code 1788.17, plaintiff sustained damages for mental and emotional distress, anguish, worry, anxiety, pain and aggravation, and plaintiff herein is entitled to recover damages pursuant to 15 U.S.C. 1692k, and, in addition, damages and statutory penalties provided in Civil Code section 1788.30(b).

144.   Plaintiff reasonably employed legal counsel in connection with the within action. Pursuant to Civil Code section 1788.30(c), plaintiff is entitled to recover reasonable attorney's fees and other litigation expenses incurred herein in an amount to be shown according to proof.

## EIGHTEENTH CAUSE OF ACTION FOR DAMAGES FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Against all defendants

145.   Plaintiff refers to each of the foregoing paragraphs, and she incorporates and re-alleges all previously facts and matters as if set forth in full herein.

146.   The conduct of defendants herein, and each of them, including but not limited to, threatening plaintiff with criminal prosecution, was outrageous and extreme, and done with the intention and the purpose of causing plaintiff extreme emotional distress.

147.   Defendants, and each of them, engaged in the heretofore described conduct, including harassing and threatening plaintiff, knowing that said conduct would, and with the intention to, cause plaintiff severe and serious mental and emotional distress, worry, anxiety and aggravation.

148.   Said conduct on the part of the defendants directly caused plaintiff to suffer severe and extreme mental and emotional distress.

149.   The heretofore described conduct on the part of the defendants, and each of them, was done with conscious disregard for the rights of plaintiff and with the intent to oppress and defraud plaintiff, such as to constitute malice, oppression and fraud under California Civil Code section 3294, entitling plaintiff to recover punitive and exemplary damages against defendants, and each of them, in an amount appropriate to punish and to make an example of defendants.

---

**COMPLAINT FOR DAMAGES, PENALTIES AND INJUNCTIVE RELIEF**                26

## NINETEENTH CAUSE OF ACTION FOR DAMAGES, PENALTIES

## AND INJUNCTIVE RELIEF

## Violations of Business & Professions Code section 17200, et seq.

### Against all defendants

150.   Plaintiff refers to each of the foregoing paragraphs, and she incorporates and re-alleges all previously facts and matters as if set forth in full herein.

151.   Business and Professions Code section 17200 provides that the violation of any law or regulation, civil, criminal, state, federal, regulatory or court-made, is an unfair trade practice which supports an action under Section 17200, et seq.   As heretofore alleged, defendants, and each of them, committed numerous violations of federal and California law and related regulations.

152.   Plaintiff is informed and believes, and thereon alleges, that as a regular part of their business operations, defendants SPEEDY CASH, AD ASTRA and DOES 1 to 250, and each of them, use the threat of arrest and criminal prosecution as a means to collect alleged debts and to extract money from consumers or to cause consumers to roll over short-term loans.

153.   Defendants' acts of unfair competition, as described above, constitute practices which are a regular part of the operation of defendants' businesses.   Unless enjoined, defendants SPEEDY CASH, AD ASTRA and DOES 1 to 250 and each of them, are likely to continue to engage in such acts of unfair competition, thereby damaging and injuring California consumers, California businesses and other residents of the State of California.

154.   Plaintiff herein is a person who has suffered injury as a result of said conduct on the part of defendants.   Said conduct is continuing, and plaintiff herein will suffer further and irreparable harm unless defendants, and each of them, are enjoined and restrained by this court from engaging in the heretofore alleged conduct.

155.   Plaintiff herein is entitled to, and is, bringing this action for the benefit of the general public.   Plaintiff herein is seeking the enforcement of an important public right affecting the public interest and conferring a significant benefit to the general public.

156.   The conduct and acts alleged above constitute unfair and unlawful business

---

**COMPLAINT FOR DAMAGES, PENALTIES AND INJUNCTIVE RELIEF**          27

1    practices within the meaning and application of Business and Professions Code section 17200,

2    et seq., and harms California residents and consumers.  Said conduct also places business which

3    refrain from such conduct at a competitive disadvantage, to the damage to all residents of the

4    State of California.

5        157.    Plaintiff has no adequate remedy at law for the injuries which she is suffering as

6    a result of the continuing course of conduct of the defendants, and each of them, as heretofore

7    alleged.

8        158.    A preliminary and permanent injunction is necessary to restrain and enjoin

9    defendants, and each of them, from continuing their unlawful and abusive debt collection

10   practices.

11       159.    Plaintiff herein is entitled to recover litigations costs, including reasonable

12   attorney's fees, costs and expenses, pursuant to the heretofore mentioned statutes which

13   defendants have violated, as described above, and pursuant to California Code of Civil

14   Procedure section 1021.5.

15                                    **PRAYER FOR JUDGMENT**

16       WHEREFORE, Plaintiff prays for judgment against defendants, and each of them, for:

17       1.    Issuance of a temporary injunction and a permanent injunction prohibiting each

18   defendant, and all their agents, employees, and all others acting in concert with them, from:

19       a)    Threatening or implying that plaintiff herein, or any consumer, is subject to arrest

20             or to criminal prosecution;

21       b)    Communicating directly with plaintiff herein;

22       c)    Communicating any negative or adverse credit information concerning plaintiff

23             to any consumer credit reporting agency.

24       d)    When communicating with any consumer, stating or implying that the caller is

25             affiliated with any court, any law enforcement agency or any arbitration provider.

26       e)    Using any script or pre-recorded message stating or implying in connection with

27             any debt collection communication with any consumer unless that script or pre-

28             pre-recorded message has been approved by this court.

---

**COMPLAINT FOR DAMAGES, PENALTIES AND INJUNCTIVE RELIEF**                    28

2.   For actual damages and general compensatory damages for mental and emotional pain, distress and anguish, worry, anxiety and aggravation, and related physical injuries, in an amount which will be shown according to proof at trial;

3.   For statutory damages for violations of the federal Fair Debt Collection Practices Act, the Rosenthal Fair Credit Reporting Act, and other statutes, in such amounts as will be shown according to proof at trial;

4.   Damages and penalties for violations of the Telephone Consumers Protection Act, 47 U.S.C. 227, et seq., and that said amounts be trebled;

5.   Damages for extreme and continuing aggravation and mental distress, in such amount as will be shown according to proof;

6.   Punitive and exemplary damages in an amount to punish and to make an example of defendants, and each of them;

7.   That all damages be trebled pursuant to RICO, 18 U.S.C. 1964, et seq.;

8.   For an award of costs of litigation and attorney's fees, expert witness fees, and other litigation expenses, in such amount as will be shown according to proof at time of trial or appropriate motion;

9.   Costs of suit incurred herein; and,

10.  Such other and further relief as the court deems proper.

DATED:      August 19, 2014.

RICHARD SCOTT LYSLE
Attorney for Plaintiff
CLAUDIA BRAMBILA

**DEMAND FOR JURY TRIAL**

Plaintiff CLAUDIA BRAMBILA hereby demands trial by jury herein.

DATED:      August 19, 2014.

RICHARD SCOTT LYSLE
Attorney for Plaintiff
CLAUDIA BRAMBILA

---

**COMPLAINT FOR DAMAGES, PENALTIES AND INJUNCTIVE RELIEF**     29

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Richard Scott Lysle    SBN 54022
Law Offices of Richard Scott Lysle
11400 West Olympic Blvd., Suite 200
Los Angeles, CA  90064
TELEPHONE NO: 310-822-6023      FAX NO: 310-745-3289
ATTORNEY FOR *(Name):* Plaintiff BRAMBILA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA  90012
BRANCH NAME: CENTRAL DISTRICT - Mosk

CASE NAME: BRAMBILA v SPEEDY CASH, et al

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 03 2014

Sherri R Carter, Executive Officer/Clerk
By Amber Hayes Deputy

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited  [ ] Limited | [ ] Counter   [ ] Joinder | BC556477 |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT.: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[X] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* -19-
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 25, 2014

Richard Scott Lysle
(TYPE OR PRINT NAME)                ▶                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]



**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

Claudia Brambila

EXHIBIT A

35

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46)  *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)*  (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case-Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38)  *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ-Administrative Mandamus
   Writ-Mandamus on Limited Court Case Matter
   Writ-Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)*  (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief from Late Claim
   Other Civil Petition



**CIVIL CASE COVER SHEET**

Claudia Brambila

EXHIBIT A

36

| SHORT TITLE:  BRAMBILA v SPEEDY CASH, et al. | CASE NUMBER  B C 5 5 6 4 7 7 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5  ☐ HOURS/ ☑ DAYS

**Item II.** **Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

EXHIBIT A
37

| SHORT TITLE: BRAMBILA v SPEEDY CASH, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

EXHIBIT A
38

| SHORT TITLE: BRAMBILA v SPEEDY CASH, et al. | | CASE NUMBER | |

| | **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 9. |
| | | ☐ A6160  Abstract of Judgment | 2, 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2, 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2, 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2, 9. |

LACIV 109 (Rev. 03/11)

LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0

Page 3 of 4

EXHIBIT A

39

| SHORT TITLE: BRAMBILA v SPEEDY CASH, et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☐2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 1320 East 45th Street |
|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90011 |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the __Mosk__ courthouse in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __8/29/2014__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

EXHIBIT A
40

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____

**BC 556477**

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below . There is additional information on the reverse side of this form.

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|---|
| | Hon. Daniel Buckley | 1 | 534 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| | Hon. Barbara A. Meiers | 12 | 636 | | Hon. Michael Johnson | 56 | 514 | |
| | Hon. Terry A. Green | 14 | 300 | | Hon Rolf M. Treu | 58 | 516 | |
| | Hon. Richard Fruin | 15 | 307 | | Hon. Michael L. Stern | 62 | 600 | |
| | Hon. Rita Miller | 16 | 306 | | Hon. Mark Mooney | 68 | 617 | |
| | Hon. Richard E. Rico | 17 | 309 | | Hon. William F. Fahey | 69 | 621 | |
| | Hon. Kevin C. Brazile | 20 | 310 | | Hon. Soussan G. Bruguera | 71 | 729 | |
| | Hon. Robert L. Hess | 24 | 314 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| | Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Rafael Ongkeko | 73 | 733 | |
| | Hon. Barbara Scheper | 30 | 400 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| | Hon. Mary H. Strobel | 32 | 406 | | | | | |
| | Hon. Michael P. Linfield | 34 | 408 | | | | | |
| | Hon. Gregory Alarcon | 36 | 410 | | **Hon. Emilie H. Elias** | **324** | **CCW** | |
| | Hon. Maureen Duffy-Lewis | 38 | 412 | | | | | |
| | Hon. Michelle R. Rosenblatt | 40 | 414 | | | | | |
| ✓ | Hon. Holly E. Kendig | 42 | 416 | | | | | |
| | Hon. Mel Red Recana | 45 | 529 | | | | | |
| | Hon. Frederick C. Shaller | 46 | 500 | | | | | |
| | Hon. Debre Katz Weintraub | 47 | 507 | | | | | |
| | Hon. Elizabeth Allen White | 48 | 506 | | | | | |
| | Hon. Deirdre Hill | 49 | 509 | | | | | |
| | Hon. John L. Segal | 50 | 508 | | | | | |
| | Hon. Mitchell L. Beckloff | 51 | 511 | | **\*Provisionally Complex Non-Class Action Cases** | | | |
| | Hon. Susan Bryant-Deason | 52 | 510 | | Assignment is Pending Complex Determination | 324 | CCW | |
| | Hon. Steven J. Kleifield | 53 | 513 | | | | | |
| | Hon. Ernest M. Hiroshige | 54 | 512 | | | | | |

**\*Complex**

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____  SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT –**

**UNLIMITED CIVIL CASE**

**EXHIBIT A**

41

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

LACIV CCH 190 (Rev05/14)
LASC Approved 05-06
For Optional Use

**NOTICE OF CASE ASSIGNMENT –**

**UNLIMITED CIVIL CASE**

Page 2 of 2

EXHIBIT A
42

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

EXHIBIT A
43

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

---

LACIV 036 (new)
LASC Approved 04/11                    **STIPULATION – DISCOVERY RESOLUTION**
For Optional Use                                                                      Page 1 of 3

EXHIBIT A
44

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

EXHIBIT A
46

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| --- | --- | --- |

TELEPHONE NO.:                FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
| --- | --- |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

EXHIBIT A
47

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

   i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

                    (INSERT DATE)                         (INSERT DATE)

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____   ►   _____
      (TYPE OR PRINT NAME)                 (ATTORNEY FOR PLAINTIFF)
Date:

_____   ►   _____
      (TYPE OR PRINT NAME)                 (ATTORNEY FOR DEFENDANT)
Date:

_____   ►   _____
      (TYPE OR PRINT NAME)                 (ATTORNEY FOR DEFENDANT)
Date:

_____   ►   _____
      (TYPE OR PRINT NAME)                 (ATTORNEY FOR DEFENDANT)
Date:

_____   ►   _____
      (TYPE OR PRINT NAME)                 (ATTORNEY FOR _____)
Date:

_____   ►   _____
      (TYPE OR PRINT NAME)                 (ATTORNEY FOR _____)
Date:

_____   ►   _____
      (TYPE OR PRINT NAME)                 (ATTORNEY FOR _____)

EXHIBIT A
48

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

EXHIBIT A
49

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

EXHIBIT A
50

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

EXHIBIT A
51

CIV-050

- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Richard Scott Lysle   SBN 54022   310-822-6023   310-745-3289 | | |

Law Offices of Richard Scott Lysle
11400 West Olympic Blvd., Suite 200
Los Angeles, CA 90064

ATTORNEY FOR *(Name):* Plaintiff BRAMBILA

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES

STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: CENTRAL DISTRICT - Mosk

PLAINTIFF: CLAUDIA BRAMBILA
DEFENDANT: SPEEDY CASH

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

CASE NUMBER:

BC556477

To *(name of one defendant only):* AD ASTRA RECOVERY SERVICES, INC.
Plaintiff *(name of one plaintiff only):* CLAUDIA BRAMBILA
seeks damages in the above-entitled action, as follows:

|   |   | AMOUNT |
|---|---|---|
| 1. | **General damages** | |
| a. [X] Pain, suffering, and inconvenience | $ | 50,000.00 |
| b. [X] Emotional distress | $ | 100,000.00 |
| c. [ ] Loss of consortium | $ | |
| d. [ ] Loss of society and companionship *(wrongful death actions only)* | $ | |
| e. [ ] Other *(specify)* | $ | |
| f. [ ] Other *(specify)* | $ | |
| g. [ ] Continued on Attachment 1.g. | | |
| 2. | **Special damages** | |
| a. [ ] Medical expenses *(to date)* | $ | |
| b. [ ] Future medical expenses *(present value)* | $ | |
| c. [ ] Loss of earnings *(to date)* | $ | |
| d. [ ] Loss of future earning capacity *(present value)* | $ | |
| e. [ ] Property damage | $ | |
| f. [ ] Funeral expenses *(wrongful death actions only)* | $ | |
| g. [ ] Future contributions *(present value) (wrongful death actions only)* | $ | |
| h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* | $ | |
| i. [X] Other *(specify)* Damage to credit | $ | 200,000.00 |
| j. [X] Other *(specify)* Statutory penalties | $ | 99,500.00 |
| k. [X] Continued on Attachment 2.k. | | |

3. [X] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)* $ 1,000,000.00
when pursuing a judgment in the suit filed against you.

Date: August 25, 2014

Richard Scott Lysle
(TYPE OR PRINT NAME)

(Proof of service on reverse)

(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]
Martin Dean's
ESSENTIAL FORMS™

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

Claudia Brambila

EXHIBIT A

52

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| BRAMBILA v SPEEDY CASH | |

**ATTACHMENT** *(Number)*: _1_
*(This Attachment may be used with any Judicial Council form.)*

Attachment 2.k.

Triple damages pursuant to 18 U.S.C. 1964.                    3,600,000.00

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page _____ of _____
*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]
Martin Dean's
ESSENTIAL FORMS™

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

Claudia Brambila

EXHIBIT A
53

| | |
|---|---|
| PLAINTIFF: CLAUDIA BRAMBILA | CIV-050 |
| | CASE NUMBER: |
| DEFENDANT: SPEEDY CASH | |

### PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages  ☐ Other *(specify)* :

   b. on *(name)* :
   c. by serving  ☐ defendant  ☐ other *(name and title or relationship to person served)*:

   d. ☐ by delivery  ☐ at home  ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box)* :
   a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20 (b)) *(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)*
   d. ☐ **Mail and acknowledgment  service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) *(Attach completed acknowledgment of receipt.)*
   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) *(Attach signed return receipt or other evidence of actual delivery to the person served.)*
   f. ☐ Other *(specify code section)* :
      ☐ additional page is attached.
3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered
      California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code
      § 22350(b)

   f. Name, address, and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

▶ _____
(SIGNATURE)

*(For California sheriff, marshal or constable use only)*
I certify that the foregoing is true and correct.
Date:

▶ _____
(SIGNATURE)

CIV-050 [Rev. January 1, 2007]  
*Martin Dean's*  
**ESSENTIAL FORMS™**  
**PROOF OF SERVICE**  
**(Statement of Damages)**  
Page 2 of 2  
Code of Civil Procedure, §§ 425.11, 425.115

Claudia Brambila

**EXHIBIT A**
54